UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-00040-H

DAVID COBBLE                                                                    PLAINTIFF

V.

SANDY TAYLOR                                                                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, David Cobble, proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983 against Defendant Sandy Taylor, Supervisor of District 18 of the Kentucky Department of Probation and Parole, in her individual capacity.  For the reasons that follow, Defendant's motion for summary judgment will be granted.  The Court will dismiss Plaintiff's federal claims with prejudice and his state law claims without prejudice.

**I.**

In his complaint, Plaintiff alleges that Defendant improperly infringed upon his civil rights. Specifically Plaintiff alleges Defendant submitted a false parole report to Georgia officials that resulted in his arrest and subsequent imprisonment for approximately 28 days.

Plaintiff was paroled by the Georgia State Board of Pardons and Paroles on February 16, 2011.  Soon after, the Georgia parole board transferred his parole supervision to Kentucky.  At that time he resided at his brother's home in Louisville, Kentucky.  His supervision continued

1

without incident until mid-September when Plaintiff's brother informed him that he could no longer stay with him.[1]

Plaintiff met with his Parole Officer, Tom Jenkins, on October 4, 2011 to discuss his living situation. At that time, Plaintiff told Jenkins that he was no longer living at his brother's home and he was homeless. Jenkins contacted Plaintiff's brother who agreed to let Plaintiff stay with him until accommodations could be made. Plaintiff's brother informed Jenkins when Plaintiff came to his house to use the internet a day prior, Plaintiff told him he was residing at a shelter in the city. That same day, Jenkins made an effort to verify that Plaintiff was indeed staying at a local homeless shelter. He phoned several local homeless shelters but was unable to confirm that Plaintiff was residing at any of them.[2] At that point, Plaintiff's exact whereabouts were unknown.

On October 6, 2011, Parole Officer Jenkins filed an Offender Violation Report (the "Report") with Georgia parole officials.[3] After reviewing the facts contained in the Report, Georgia parole officials issued a warrant for Plaintiff's arrest for absconding his parole. Plaintiff was arrested in Louisville on December 2, 2011. On December 22, 2011, Kentucky Parole Board Administrative Law Judge Eric Bates dismissed the case against Plaintiff, ruling that there was not sufficient probable cause to find that he absconded. At the hearing, Plaintiff did not

---

[1] The parties dispute what exactly occurred in the events leading up to the issuance of the Offender Violation Report. However, to the extent there are factual disputes, they are not material to the case.

[2] It is unclear to the Court whether Jenkins called only one shelter (specifically the shelter the Plaintiff's brother stated) or several. Regardless, the precise number of shelters called is not determinative in this case.

[3] Such reports are used by parole agencies to determine whether parolees may have violated the terms of their release. They contain facts, as understood by the reporting official, that may demonstrate a probation violation. The report is forwarded to the parole officials in the state in which parole was issued. Upon review of the facts contained therein, the parole officials decide whether the parolee in fact violated the terms of his or her release.

dispute any of the facts contained in the Report.  He was released from custody on December 30, 2011.

At the time of these events, Defendant was the Kentucky Department of Probation and Parole Supervisor of District 18.  She avers that it was Parole Officer Jenkins, not her, who wrote the Report.  Plaintiff does not rebut this assertion.  Rather Plaintiff claims that Defendant should be liable because Parole Officer Jenkins was a new employee under the direction of Defendant.

Plaintiff maintains that the Report contained false information that led to his arrest and imprisonment.  Among other things, he contends that the Report materially misrepresented his situation in that it listed his brother's address as his reported address when he was in fact homeless.  Additionally, he challenges the assertion that parole officers were unable to confirm that Plaintiff resided at any local homeless shelter on October 4, 2011.

Plaintiff filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 claiming Defendant misrepresented facts in the Report submitted to Georgia parole authorities, resulting in his false arrest and imprisonment.  Defendant has moved for summary judgment on all of Plaintiff's claims. Plaintiff filed a cross motion for summary judgment.

**II.**

To grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56.  The moving party bears the burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  Once the moving party

3

satisfies this burden, however, the non-moving party must produce specific facts demonstrating a

genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

These same rules apply when addressing cross-motions for summary judgment. *Atlantic*

*Richfield Co. v. Monarch Leasing Co.*, 84 F. 3d 204, 206 (6th Cir. 1996).  If the essential facts of

the case are undisputed, then "one of the parties is clearly entitled to summary judgment." *Id.*

(citing *Niecko v. Emro Mktg.*, 973 F. 2d 1296, 1304 (6th Cir. 1992)).

### III.

A preliminary question is whether Defendant is entitled to immunity on the § 1983 claim.

The doctrine of absolute immunity protects judges from civil liability when performing judicial

functions.  *Stump v. Sparkman*, 435 U.S. 349, 363-64 (1978).  This immunity has been extended

to parole officers sued in their individual capacity when their duties are judicial in nature.

*Loggins v. Franklin Cnty.*, 218 F. App'x 466, 476 (6th Cir. 2007).  When probation officers are

investigating whether a parolee is complying with the terms of his or her probation, they are

performing a quasi-judicial function and for that reason, are cloaked in immunity.  *Id.* (citing

*Balas v. Leishman-Donaldson*, 976 F.2d 733 (6th Cir. 1992)).  Accordingly, parole officers enjoy

immunity for their actions in individual parole decisions, such as the preparation of reports.  *See*

*Horton v. Martin*, 137 Fed.Appx. 773, 775 (6th Cir. 2005).

To the extent, if any, Defendant was involved in creating the Report, she is entitled to

immunity since creating a violation report relates to a parole determination. *See Fleming v.*

*Martin*, 24 Fed. Appx. 258, 259 (6th Cir. 2001) (holding parole agents were absolutely immune

from liability when they made a recommendation concerning parole);  *Warick v. Ky. Justice and*

*Pub. Safety Cabinet*, 2009 WL 4443056, at *5 (E.D.Ky. 2008) ("When a probation officer

evaluates an individual to determine whether he has violated the conditions of his probation, the officer is entitled to absolute judicial immunity."). Consequently, the § 1983 claim against Defendant in her individual capacity must be dismissed.

Additionally, Plaintiff's claims against Defendant alleging that he was falsely imprisoned and arrested without probable cause must fail. It is undisputed that the Louisville Metro Police, on the basis of a Georgia warrant, arrested Plaintiff, not Defendant. Accordingly, Defendant is entitled to summary judgment as a matter of law.

## IV.

The Defendant's Motion for Summary Judgment appears to address claims outside the Complaint. Specifically, the parties discussed various allegations of material misrepresentation and nonfeasance. It is not clear from the Complaint whether Plaintiff actually pled these causes of actions. Regardless, the Court, having dismissed Plaintiff's § 1983 claims, now lacks federal subject matter jurisdiction over any remaining state law claims. Accordingly, to the extent state claims remain, they are dismissed without prejudice pursuant to 28 U.S.C. § 1367.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is SUSTAINED and Plaintiff's federal claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's state claims are DISMISSED WITHOUT PREJUDICE. All other motions are MOOT.

This is a final order.

5

cc:     Counsel of Record